IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GRADY TAYLOR, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | NO. 5:25-CV-00447-CAR-CHW |
| VS. | : | |
| | : | |
| Officer PHILLIPS, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Defendants | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER

*Pro se* Plaintiff Grady Taylor, Jr., a prisoner currently housed at Jefferson County Correctional Institute in Louisville, Georgia, filed a complaint under 42 U.S.C. § 1983, related to an incident that occurred while he was confined in the Washington County Jail. ECF No. 1. Plaintiff has paid the partial initial filing fee as previously ordered. Plaintiff must now recast his complaint to avoid dismissal of this civil action.

### INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Here, Plaintiff used the Court's standard form in drafting his complaint. ECF No. 1. The complaint appears to set forth an 8th or 14th Amendment claim of excessive force against Officer Phillips, but much of Plaintiff's description of the incident is illegible and difficult to read. *See id*. at 5-7. A complaint that cannot be clearly read is subject to dismissal. *See, e.g.*, *Jackson v. Santa*

*Rosa Corr. Inst.*, No. 3:23CV11741-LC-HTC, 2023 WL 6305812, at *2 (N.D. Fla. Sept. 13, 2023), *report and recommendation adopted*, No. 3:23CV11741-LC-HTC, 2023 WL 6299097 (N.D. Fla. Sept. 27, 2023); *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007) (affirming dismissal of a complaint which was "exceptionally difficult to understand and in many instances either illegible or incomprehensible") (internal quotations and alteration omitted).

It is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it states a claim for which relief may be granted and complies with the Federal Rules of Civil Procedure. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action"). Rather than recommending dismissal of this complaint out right, the Court will afford the *pro se* Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam).

Thus, Plaintiff is now required to submit a recast complaint if he wishes to proceed. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent

possible) along with the name of each defendant:

>   (1)   What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?
>
>   (2)   Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?[1]
>
>   (3)   When and where did each action occur (to the extent memory allows)?[2]
>
>   (4)   How were you injured because of this Defendant's actions or inactions?
>
>   (5)   What relief do you seek from this Defendant?

Plaintiff must thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form, including but not limited to the actions he has taken to fully exhaust his administrative remedies prior to filing a federal civil action asserting a civil rights violation. Plaintiff should take care to write his complaint legibly and coherently, so that the Court can read it and understand it.

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The

---

[1] Plaintiff is advised that he cannot simply name supervisors such as Prison Commissioners, Wardens, and Deputy Wardens based solely on their supervisory positions. Supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted).

[2] From what the Court can discern, the complaint fails to state the date on which the incident occurred. Plaintiff must provide the Court with this information.

general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).  Thus, Plaintiff's amended complaint will take the place of his original complaint.  In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.  Plaintiff should state his claims as simply as possible in his recast complaint referring only to the relevant allegations against the named defendants in this case.  If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.  If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed.

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.  *See* Fed. R. Civ. P. 8.  Plaintiff should not otherwise use legal terminology or cite any specific statute or case law to state a claim unless absolutely necessary to clarify a claim.  Plaintiff is not to include any exhibits or attachments.  ***The recast complaint must be no longer than ten (10) pages in its entirety***.

## CONCLUSION

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the Court's standard § 1983 form as instructed.  The **CLERK** is **DIRECTED** to mail Plaintiff a standard § 1983 complaint form along with a copy of this Order (all showing the civil action number).

While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**  There will be no service of process upon any Defendant until further order of the Court.

**SO ORDERED and DIRECTED**, this 21st day of November, 2025.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge